# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH MASSAQUOI AND PIUS BLIDI | § § § | |
| Plaintiffs, | § § | |
| V. | § § § | CIVIL ACTION NO. 4:17-CV-00478-O-BP |
| LOANCARE, LLC | § § § | |
| Defendant. | § § | |

## PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Elizabeth Massaquoi and Pius Blidi (collectively, "Plaintiffs") ask the Court to deny LoanCare, LLC ("Defendant") Motion to Dismiss or in the alternative grant Plaintiffs leave for Plaintiffs to amend their pleadings, and would show unto the Court as follows:

## I.     INTRODUCTION

1.     Plaintiffs are the current record title owner of the property located at 8224 Boulder Canyon Trail, Fort Worth, TX 76123 ("Property").

2.     Plaintiffs filed their Original Petition and Application for Temporary Restraining Order on June 2, 2017 in the 352nd Judicial District Court of Tarrant County, Texas, and Defendant removed this case to this Court.

3.     Defendant has now filed a Motion to Dismiss alleging that Plaintiffs have not properly plead facts sufficient to support their claims against Defendant.

4. Plaintiffs file this Response asking the Court to deny Defendant's Motion to Dismiss in its entirety and to allow the parties to conduct discovery and address the merits of their claims against Defendant. In the alternative, should the Court find that one or more of Plaintiffs' theories of recovery are not properly pled, Plaintiffs respectfully request that this Court grant Plaintiffs leave to amend their pleadings.

## II. <u>LEGAL STANDARD</u>

### A. Dismissal Is Not Proper Under Rule 12(b)(6).

5. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."[1] The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] The Supreme Court held that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.[3] A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible."[4]

6. When considering Defendant's motion to dismiss, the Court must construe the factual allegations in the complaint in the light most favorable to Plaintiffs.[5] Only if no possible construction of the alleged facts will entitle Plaintiffs to relief should the Court grant Defendant's motion.[6] If the factual allegations in Plaintiffs' complaint support any legal theory that entitles

---

[1] FED. R. CIV. P. 12(b)(6)
[2] *Id.* at 555.
[3] *Id.* at 570.
[4] *Id.*
[5] *Collins v Morgan Stanley Dean Witter,* 224 F. 3d 496, 498-99 (5th Cir. 2002); *In Re: Stac Elecs. Scc. Litig.,* 89F. 3d 1399, 1403 (9th Cir. 1966).
[6] *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232(1984).

Plaintiffs to some relief, the Court should overrule Defendant's motion. Granting a motion to dismiss is a "disfavored" practice.[7] Plaintiffs are not required to "establish" any facts until either a motion for summary judgment is filed or at the trial itself.[8]

7. As Plaintiffs will establish below, Plaintiffs have alleged sufficient facts to state a claim for relief that is "plausible on its face." Accordingly, Defendant's Motion to Dismiss should be denied. Should the Court find that one or more of Plaintiffs' theories of recovery are not properly pled, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss and grant Plaintiffs leave to amend their pleadings.

## III. ARGUMENTS & AUTHORITIES

### A. Plaintiffs Do Not Fail to State a Claim for Breach of Contract.

8. Defendant contends that Plaintiffs

9. Plaintiffs have filed a claim for Breach of Contract against Defendant as Plaintiffs and Defendant are parties to a Deed of Trust dated on or about April 15, 2014 (the "DOT"). The DOT, paragraph 1 and 2 require that Plaintiffs *"pay to Defendant the principal of, and interest on, the debt evidenced by the Note"*. Paragraph 3 of the DOT requires that "All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

> a. *First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium; Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required; Third to the interest due under the Note; Fourth, to amortization of the principal of the Note; and Fifth, to late charges due under the Note. and Defendant apply payments to the Loan. This requirement is in Paragraph 3 of the Deed of Trust. "*

---

[7] *In Re: OODC, LLC,* 321 B.R. 128, 134 (Bankr. D. Del. 2005).
[8] *Constitution Bank v. DiMarco*, 815 Supp 154, (ED. Pa 1993) ("Court may grant motion only if it is beyond doubt that nonmovant can plead no facts that would support its claim for relief.")

10.     Plaintiffs have plead that they tendered payments to Defendant up to November 1, 2016 at which time Defendant refused Plaintiffs' payment, without cause. (*See* Plt. Orig.Pet. ¶10). Defendant has breached the DOT.

### B. Plaintiffs do not fail to state a claim under the TDCA.

11.     Defendant contends that Plaintiffs failed to allege any "fraudulent, deceptive, or misleading representation" made by Defendant in violation of Section 392.304 (a) of the TDCA. However, Plaintiffs have plead that Plaintiffs' tendered payments and Defendant did not accept and apply such to their Loan pursuant to the DOT. (*See* Plt. Orig. Pet. ¶10). Plaintiffs further plead that Defendant verbally informed Plaintiffs that the "terms of the Loan have been changed" which to Plaintiffs knowledge the terms had not been changed (*See* Plt. Orig. Pet ¶11). Defendant did not provide any written notice to Plaintiffs as to the details of the terms changing. Defendant just would not accept such payments. This practice is fraudulent, deceptive and/or misleading acts by Defendant.

12.     Defendant then complains that Plaintiff failed to identify any provision of Section 392.304 that Defendant allegedly violated or any action by Defendant that allegedly violated. pursuant to the Texas Debt Collection Act. In which Plaintiffs respond as they did above by stating that Defendant did not accept Plaintiffs payments due to their statement that the "terms of the Loan have been changed" without giving Plaintiffs any notice of any changes. This is a fraudulent, deceptive, or misleading representation that employs misrepresenting the character, extent, or amount of a consumer debt pursuant to Texas Finance Code §392.001(B)(8).

**C.**     **The Court Should Not Dismiss With Prejudice.**

13.     If the Court deems that any of Plaintiffs' claims are deficient, then Plaintiffs request the opportunity to cure such pleading deficiencies.  Plaintiffs are willing and able to do so if ordered by the Court and should be afforded the opportunity to amend.


**III.     CONCLUSION & PRAYER**

14.     Considering all the foregoing, Plaintiffs respectfully request that the Court deny all relief sought by Defendant in its Motion to Dismiss; alternatively, should the Court determine that a more definite statement as to any claim would be necessary in the interest of justice, that Plaintiffs be permitted to replead to that effect and to cure any inadvertent errors of date or party reference.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court deny Defendant's Motion to Dismiss or in the alternative, permit Plaintiffs leave to replead their Original Petition, as amended.

Respectfully submitted,

*/s/ D. Kimberli Wallace*
D. Kimberli Wallace
Texas Bar No. 00792901
kwallace@kwlawfirm.net
D. KIMBERLI WALLACE, PLLC
9500 Ray White Rd., Suite 200
Fort Worth, Texas  76244
Tel. (817) 745-4581
Fax (817) 953-7000
Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and that a true and correct copy of the foregoing document was served upon the following via electronic mail and/or ECF and/or facsimile and/or certified mail, return receipt requested pursuant to the Federal Rules of Civil Procedure on this 23rd day of August 2017 to all Attorneys of record.

*/s/ D. Kimberli Wallace*
D. Kimberli Wallace