**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **ELIZABETH MASSAQUOI and** | § | |
| **PIUS BLIDI,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00478-O-BP** |
| | § | |
| **LOANCARE, LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Dismiss (ECF No. 10) and Brief in Support (ECF No. 11), filed July 25, 2017; and Plaintiffs' Response and Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 15), filed August 23, 2017. On September 6, 2017, Defendant filed an Unopposed Motion for Extension of Deadline for it to file a reply, if necessary, in support of its motion to dismiss. ECF No. 16. The Court granted Defendant's Motion for Extension of Deadline on September 7, 2017. ECF No. 17. As of today's date, the Defendant has not replied to Plaintiffs' Response and Brief.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant's Motion to Dismiss (ECF. No. 10). However, if Plaintiffs timely file an amended complaint, the Motion should be DENIED as moot, and the action be allowed to proceed on the amended complaint.

## I. BACKGROUND

Plaintiffs Elizabeth Massaquoi ("Massaquoi") and Pius Blidi ("Blidi") (collectively, "Plaintiffs") filed their Original Petition and Application for Temporary Restraining Order against Defendant Loan Care, LLC, alleging claims of breach of contract and Texas Debt Collection Act violations, and seeking injunctive relief. ECF. No. 1-1.

Plaintiffs' claims are based on an attempted foreclosure sale of the property located at 8224 Boulder Canyon Trail, Fort Worth, Texas ("Subject Property"). *Id*. at 4. On April 15, 2014, Plaintiffs signed a promissory note to MUSA Financial, LLC in the amount of $177,230.00. *Id*. at 2. The loan was subsequently assigned to American Financial Resources, Inc. as the mortgagee and Defendant as the current loan servicer. *Id*. On or about December 22, 2015, Plaintiffs requested a loan modification, which Defendant allegedly approved. *Id*. Plaintiff made monthly mortgage payments based on the modification until November 1, 2016. *Id*. Plaintiffs allege that Defendant refused payment and would not accept any further payments from Plaintiffs after November 1, 2016. *Id*. Furthermore, Plaintiffs allege that Defendant would not state the reasons why they stopped accepting payment from Plaintiffs, and Defendant only stated that the terms of the loan had changed. *Id*. Defendant posted the foreclosure sale of the Subject Property to take place on June 6, 2017. *Id*. at 5.

Defendants filed the instant Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of several claims based on failure to state a claim. ECF No. 10. The Motion to Dismiss is confined to the following arguments: (1) Plaintiffs fail to allege what specific provision of the Deed of Trust Defendant allegedly breached and (2) Plaintiffs fail to allege any "fraudulent, deceptive, or misleading representation" made by Defendant that would violate the Texas Debt Collection Act. *Id*. Plaintiffs, in their Response, contend that the allegations

in their Complaint are sufficient and, if not, the Court should allow them leave to amend their Complaint. ECF No. 15.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). However, courts need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

## III.     ANALYSIS

### A.  Breach of Contract Claim

A breach of contract action under Texas law includes the following elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the

breach." *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The Fifth Circuit has held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239 (5th Cir. 2014) (citing *Watson v. Citimortgage, Inc.*, 814 F.Supp.2d 726, 732 (E.D. Tex. 2011)). Here, Plaintiffs simply claim that "[t]he Deed of Trust requires that Defendant either apply payments tendered by Defendant to the Loan or return the payments to Plaintiff. Plaintiff has tendered performance but Defendant has rejected such payments thereby causing Plaintiff to become delinquent and at risk of losing her home." ECF No. 1-1 at 5-6. Plaintiffs' pleadings fail to identify which provision of the Deed of Trust Defendant allegedly breached. Accordingly, Plaintiffs have failed to state a claim for breach of the deed of trust.

### B. Texas Debt Collection Act Claims

Plaintiffs claim that Defendant's "acts, omissions, and conduct … constitute violations of Section 392.304 of the Texas Debt Collection Act." ECF No. 1-1 at 6. Section 392.304(a) provides that "a debt collector may not use fraudulent, deceptive, or misleading representation" from a list of nineteen prohibited practices. Tex. Fin. Code §392.304(a)(1)–(19). Defendant contends that Plaintiffs fail to state a claim under the TDCA because they have not alleged a misrepresentation, a fundamental element of a TDCA claim, and because Plaintiffs do not specify which of the provisions contained in the TDCA Defendant violated. ECF No. 11. Courts have held that vaguely referring to sections or provisions of the Texas Debt Collection Act is not a sufficient pleading to overcome dismissal under Rule 12(b)(6). *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (finding that a complaint that refers vaguely to [defendant] using a false representation or deceptive means to collect a debt was insufficient to overcome a Rule 12(b)(6)

dismissal); *Platero v. Bank of Am., N.A.*, No. 3:11-CV-3421-M, 2012 WL 2368465, at \*3 (N.D. Tex. May 25, 2012) (finding a plaintiff's amended petition that made general claims that "Defendants' aforesaid actions" violated the TDCA and did not specify which of the numerous provisions contained in the TDCA Defendants violated should be dismissed under Rule 12(b)(6) for failure to state a plausible claim for relief). Accordingly, Plaintiffs have failed to state a claim under the Texas Debt Collections Act.

## IV. OPPORTUNITY TO AMEND

Though not in the form of a motion, Plaintiffs have requested the Court grant them the opportunity to file an amended complaint. ECF No. 15. Plaintiffs have not amended their complaint as of right since filing this action, and it does not appear to the Court that they have pleaded their best case. The undersigned finds that Plaintiffs should therefore be accorded an opportunity to amend their complaint to sufficiently state a claim for relief. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

If Plaintiffs do not file an amended complaint that states a claim for relief within the fourteen days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, Defendant's Motion should be GRANTED for the reasons previously stated. If Plaintiffs timely file an amended complaint, however, the Motion should be DENIED as moot, and the action should be allowed to proceed on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed September 13, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE